**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 98-4323**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH RANDALL HOBBS, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James C. Turk, District Judge. (CR-96-10-A)

---

Submitted: June 16, 1999          Decided: December 10, 1999

---

Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Dennis E. Jones, Angela D. Childress, DENNIS E. JONES & ASSOCIATES, P.C., Lebanon, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Hobbs was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (1994). At sentencing, the district court declined to apply the enhanced sentencing provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because it determined that Hobbs' three prior burglaries were not offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). This court affirmed Hobbs' conviction but remanded for resentencing under the ACCA because each of the three burglaries should have been treated as a "separate and distinct crime, and thus each constitutes an occasion different from the others such that application of the ACCA is mandated." United States v. Hobbs, 136 F.3d 384, 390 (4th Cir.), cert. denied, _____ U.S. _____, 66 USLW 3800 (U.S. June 22, 1998) (No. 97-9187).

On remand, the district court sentenced Hobbs as an armed career criminal to 188 months imprisonment—the low end of the guidelines range. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but identifies one potential claim regarding the propriety of the district court's application of the sentencing guidelines. Hobbs has filed a motion to file a supplemental pro se brief out of time. We grant the

motion. In his brief, Hobbs claims that the firearm at issue was seized improperly; he was denied effective assistance of counsel at his trial; and the sixty-three month sentence originally imposed was proper.

We find that the district court properly sentenced Hobbs as an armed career criminal in accordance with this court's mandate. The claims raised by Hobbs in his supplemental pro se brief are not properly before the court in this appeal. They were not raised at the resentencing hearing and could not have been raised because they were beyond the scope of the remand. See United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993) (when mandate of appeal court is precise, district court may not consider issues which mandate laid to rest). Pursuant to the requirements of Anders, we have reviewed the record for potential error and have found none. Therefore, we affirm Hobbs' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED